PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2254

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC - 8 2014

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

AARON LEIGH OBEGINSKI
# 1000357597
TELFAIR STATE PRISON
210 LONGBRIDGE Rd. Helena GA. 31037, PETITIONER
Name (Include name under which you were convicted), Prison Number, and Place of Confinement

1:14-CV-3909

William C. DANFORTH, RESPONDENT
Name of Warden, Superintendent, Jailor, or authorized person having custody of petitioner

RYAN KNOB, ADDITIONAL RESPONDENT
Attorney General of the State of Georgia

PETITION

1. Name and location of court which entered the judgment of conviction under attack SUPERIOR COURT OF NEWTON COUNTY

2. Date of judgment of conviction MAY 12, 2010

3. Length of sentence LIFE, 20yrs, 20yrs Sentencing judge JOHN OTT

4. Nature of offense or offenses for which you were convicted: CHILD MOLESTATION ACCUSATION BY MOTHER OF MY DAUGHTER.

5. What was your plea? (Check one)
(a) Not guilty (X)
(b) Guilty ( )
(c) Nolo contendere ( )
If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: (Check one)

   (a) Jury (X)
   (b) Judge only ( )

7. Did you testify at the trial? Yes (X) No ( )

8. Did you appeal from the judgment of conviction? Yes (X) No ( )

9. If you did appeal, answer the following:
   (a) Name of court GEORGIA COURT OF APPEALS
   (b) Result JUDGEMENT AFFIRMED
   (c) Date of result JANUARY 13, 2012
   If you filed a second appeal or filed a petition for certiorari in the Supreme Court, give details: I IMMEDIATLY FILED A PETITION FOR A WRIT OF CERTIORARI, WHICH IT WAS DISMISSED BY THE CLERK AFTER THREE (3) TERMS OF COURT HAD EXPIRED

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motion with respect to this judgment in any court, state or federal? Yes (X) No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court SUPERIOR COURT OF WARE COUNTY #13V-0228
        (2) Nature of proceeding PETITION FOR WRIT OF HABEAS CORPUS
        (3) Grounds raised DUE PROCESS, SELF-REPRESENTATION, BURDEN SHIFTING, SPEEDY TRIAL, EXCESSIVE BAIL, INEFFECTIVE ASSISTANCE OF COUNSEL, EQUAL PROTECTION, INEFFECTIVE ASSISTANCE OF APPELATE COUNSEL, ILLEGAL SEARCH AND SEIZURE, CONFRONTATION, COMPULSORY PROCESS, ILLEGALY OBTAINED EVIDENCE, HELD BEYOND 48 HOURS W/O BOND OR ARREST WARRANT, UNCONSTITUTIONAL OR INVALID STATUTE/ORDINANCE.
        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes (X) No ( )
        (5) Result ATTORNEY GENERAL PROVIDED ORDER DENYING RELIEF.
        (6) Date of result JUDGE BLOUNT SIGNED ORDER APRIL 28, 2014
    (b) As to any second petition, application or motion give the same information:
        (1) Name of court U.S. District Court
        (2) Nature of proceeding HABEAS CORPUS
        (3) Grounds raised Same as above
        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (X)
        (5) Result Dismissed without Prejudice
        (6) Date of result 3rd FEBRUARY, 2014.

   (c) As to any third petition, application or motion, give the same information:
(1) Name of court ______
(2) Nature of proceeding ______
______
(3) Grounds raised ______
______
______
______
______
(4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )
(5) Result ______
(6) Date of result ______

(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
(1) First petition, etc. Yes (X) No ( )
(2) Second petition, etc. Yes ( ) No ( )
(3) Third petition, etc. Yes ( ) No ( )

(e) If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not: ______
______
______
______
______
______
______
______

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, (where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim).
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: DUE PROCESS VIOLATION

Supporting FACTS (tell your story briefly without citing cases or law):
WARRANTLESS ARREST + HELD BEYOND 48 HOURS WITHOUT BOND HEARING, BURDEN SHIFTING JURY INSTRUCTIONS, PERJURED WITNESS USED AT GRAN JURY HEARING, DENIED RIGHT OF SELF-REPRESENTATION AND STATE SUPPLIED COUNSEL APPOINTED, EVEN THOUGH I CLEARLY REFUSED JUDGE DETERMINED ATTORNEY-CLIENT RELATIONSHIP. DEPRIVED OF LIBERTY AND PROPERTY. DENIED RIGHT TO OFFER DEFENSE. HELD IN SEGREGATION WITHOUT A HEARING OR EVEN ANY CHARGES / VALID REASON FOR 7+ MONTHS PRIOR TO TRIAL IN ORDER FOR STATE TO GAIN AN ADVANTAGE. DENIED EVIDENTIARY HEARING, AND RULING ON MOTION TO SUPPRESS STATE FABRICATED EVIDENCE AT ARREST WARRANT HEARING HELD NOVEMBER 14, 2014.

B. Ground two: SPEEDY TRIAL VIOLATION

Supporting FACTS (tell your story briefly without citing cases or law):
IMMEADIATLY REQUESTED A SPEEDY TRIAL AND WHEN COURT APPOINTED COUNSEL REFUSED TO ASSIST ME, I FILED MY OWN SPEEDY TRIAL MOTION OF WHICH THE COURT DENIED. HELD IN JAIL FOR FIVE (5) CONSECUTIVE TERMS OF COURT, IN HOSTILE AND PUNITIVE CONDITIONS, WITH NO ACCESS TO THE COURTS, NO BOND SET, FOR WELL OVER A YEAR.

C. Ground three: ILLEGAL SEARCH ANSA SEIZURE

Supporting FACTS (tell your story briefly without citing cases or law): LEAD INVESTIGATOR, CHRISTOPHER MARK HEGWOOD, SWORN UNDER OATH HE OBTAINED SEARCH WARRANT AT MY TRIAL, AND ON NOVEMBER 14, 2014, AT AN ARREST WARRANT HEARING, SWORE UNDER OATH THAT THERE IS NO SEARCH WARRANT-COMMITTING PERJURY. SUBSEQUENTLY AREAS SEARCHED OF BOTH MY RESIDENCE, AND VEHICAL THAT WERE NOT IN PLAIN VIEW, VIOLATED ALL SECURITY OF ALL PROPERTY, AND USING EVIDENCE OBTAINED TO MISLEAD THE JURY. THE SAME LEAD INVESTIGATOR ATTEMPTED TO OBTAIN SEARCH WARRANT ONE(1) MONTH AFTER SEARCH AND FORGE PAPERWORK, SWEARING UNDER OATH IN AN AFFIDAVIT THAT HE HAD PROBABLE CAUSE TO SEARCH A RENTED ROOM THAT I NO LONGER LIVED AT, AND A VEHICLE I NO LONGER HAD POSSESION OF.

D. Ground four: VIOLATION OF EFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL

Supporting FACTS (tell your story briefly without citing cases or law): JUDGE JOHN OTT ASSIGNED CONFLICT COUNSEL TO SUBMIT APPEAL WITHOUT TALKING WITH ME, AND TO USE TRIAL TRANSCRIPTS ONLY. CONFLICT COUNSEL HAD CONFLICT OF INTEREST, BECAUSE SHE PREVIOUSLY WORKED AS PROSECUTOR UNDER "SAME OFFICE" STANDARD. APPEALATE COUNSEL STILL CLAIMS THERE IS A LEGAL WARRANT, AND FAILED TO SUBMIT A SINGLE CLAIM THAT I ASKED HER ASSISTANCE ON, FAILED TO INVESTIGATE OBVIOUS STATE AND FEDERAL LAW VIOLATIONS WHILE PURSUING CLEARLY WEAKER ISSUES. APPEALATE COUNSEL BECAME AN EFFECTIVE TOOL OF THE STATE TO INSURE DIRECT APPEAL WENT UNREFUTED IN IT'S ERROR. STATE HABEAS CORPUS HEARING CONFIRMS THAT APPELATE COUNSEL IS A PERSON WITHOUT CONSCIENCE OR MORALS, EVEN OFFERING CONFLICTING TESTIMONY OF HER OWN ACTIONS

* E, GROUNDS FIVE → NINE ON REVERSE OF THIS PAGE

13. If any of the grounds listed in 12A,B,C, and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: ______

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No ( )

E. GROUND FIVE: VIOLATION OF RIGHT TO CONFRONTATION

FACT - TRIAL COUNSEL CLAIMED I HAD NO RIGHT TO CONFRONT MY ACCUSER, AND THAT SHE ALONE DETERMINED WHETHER TO CROSS-EXAMINE THE ALLEDGED VICTUM, OF WHOM WOULD HAVE VINDICATED THE ALLEGATIONS AGAINST ME.

F. GROUND SIX: VIOLATION OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL

FACT - TRIAL COUNSEL WITHHELD KNOWLEDGE OF UNSIGNED WARRANT, AND ALLOWED PERJURED TESTIMONY AGAINST ME. TRIAL COUNSEL BLOCKED PETITIONER'S RIGHT TO ENJOY A COMPULSORY PROCESS FOR OBTAINING WITNESSES IN MY FAVOR, AND INSTEAD LISTED PEOPLE IN HER OFFICE, APPARENTLY, AS MY WITNESSES, AND CALLING NONE OF THEM TO TESTIFY DURING MY TRIAL. REFUSED TO FILE SPEEDY TRIAL AND MOTION TO SUPPRESS TO ASSIST ME.

G. GROUND SEVEN: UNCONSTITUTIONAL OR INVALID STATUTE OR ORDINANCE DEFINING THE OFFENSE.

FACT - ONE (1) WITNESS IS INSUFFICIENT (HERESAY Act)

H. GROUND EIGHT: VIOLATION OF EXCESSIVE BAIL

FACT - BOND HEARING OFFERED NO BOND, WHICH IS INFINITE.

I. GROUND NINE: VIOLATION OF EQUAL PROTECTION OF THE LAWS.

FACT - MY EXWIFE ENTERED MY HOME AND VEHICLE STEALING FAMILY HEIRLOOMS, WHILE OFFICERS WERE PRESENT SECURING SCENE.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing ERICA ARENA-CAMARILLO
(b) At arraignment and plea BERT HOPKINS
(c) At trial TERI SMITH (GA. BAR # 663665)
(d) At sentencing TERI SMITH (GA. BAR # 663665)
(e) On appeal AMANDA FLORA (GA. BAR # 141330)
(f) In any post-conviction proceeding PRO-SE
(g) On appeal from any adverse ruling in a post-conviction proceeding PRO-SE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes (X) No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? Yes ( ) No (X)
(a) If so, give name and location of court which imposed sentence to be served in the future: ______
(b) And give date and length of sentence to be served in future: ______
(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( ) No ( )

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12-4-14
(date)

[signature]
Signature

______
Signature of Attorney
(if any)

IN THE SUPERIOR COURT FOR THE COUNTY OF NEWTON

STATE OF GEORGIA

STATE OF GEORGIA, )

vs. ) 2009-CR-554-2

AARON OBEGINSKI )

Motion/Status Hearing

The above-entitled matter came on for hearing before the Honorable John M. Ott, Judge, Alcovy Judicial Circuit, commencing on the 15th day of September, 2009.

FILED IN OFFICE
CLERK SUPERIOR COURT
NEWTON COUNTY GEORGIA
2010 MAR -2 AM 10:53
REC'D IN BK.____
PAGE#____
DATE____
LINDA D. HAYS, CLERK

APPEARANCES OF COUNSEL:

For the State: MELANIE BELL, A.D.A.

For the Defendant: BERT HOPKINS, Asst. Public Defender

Denied; - Speedy Trial Motion
- Suppression of evidence Motion

page 1/6

MS. BELL: I call number 38 on the Court's calendar, the State versus Aaron Obeginski. This will be for an announcement of ready for trial.

Your Honor, Mr. Obeginski is before the Court on case number 2009-CR-554-2 charging him with aggravated child molestation and two counts of child molestation.

He is standing here today with Mr. Albert Hopkins of the public defender's office. He is represented by Ms. Terri Smith of their office, who is not able to be here today.

It's my understanding -- well, the State has complied with all discovery. There are no motions and we are announcing ready for trial.

There was one issue. The defendant filed his own speedy trial -- or attempted to file his own speedy trial demand, which obviously the Court is not required to recognize because he's represented by counsel. I have spoken with Ms. Smith previously. It's my understanding that she explained to the defendant that it was her opinion that a speedy trial demand was not in his best interest.

Teri Never met with me on this nor explained it!

THE COURT: Well, let's first deal with the issue. As long as you have an attorney you can't file motions on your own. Is that clear to you?

THE DEFENDANT: (Nods head affirmatively.)

THE COURT: You nodded your head yes, but the record won't show that. You've got to say something out loud.

THE DEFENDANT: Yes.

THE COURT: So, number one, we don't even have to address the motion whether it's worthy or not worthy, the motion he filed, because he had counsel at the time.

MS. BELL: Yes, sir.

THE COURT: Now, I am being told it wasn't in your best interest to file a motion for speedy trial, but that's solely within your discretion. If you want to file one, you just instruct your attorney through Mr. Hopkins that you want to file one and order that he file it. Do you understand me clearly about that?

THE DEFENDANT: Yes.

THE COURT: And you understand you have that right?

THE DEFENDANT: Yes.

THE COURT: And, Mr. Hopkins, do you understand if he orders you to file a motion for speedy trial --

MR. HOPKINS: Absolutely.

THE COURT: -- then your office has to file the motion for speedy trial?

MR. HOPKINS: Yes, sir.

THE COURT: Regardless of whether it's in his best interest of not, because he controls the case and he controls how the case --

I verbally instructed Mr. Hopkins to file "speedy trial" motion on my behalf, and followed up by also writing ters Smith (See enclosed) 3/6

MR. HOPKINS: Certainly.

THE COURT: But y'all's job is simply inform him of the danger and all of the various options and then he has to make the choice that he's going to live by, because I'm not going to listen years later down the road about how he claims that y'all didn't follow his instructions and, you know, y'all all know what goes on with those habeases.

Okay. So we are all set for trial at this time?

MS. BELL: Yes, sir.

MR. HOPKINS: We are.

MS. BELL: I would like to put on the record, Judge, this is a charge for which the State can seek life in prison and given the age of the victim in the case, the facts of the case, the State will seek life at trial.

THE COURT: Do you understand that clearly, Mr. Obeginski?

THE DEFENDANT: Yes.

THE COURT: They have the ability and the discretion from their angle to seek life in confinement.

Now, is that as a recidivist without parole or is that with parole?

MS. BELL: It would be with parole.

THE COURT: With parole.

MS. BELL: He would have to serve the 30 years

before being eligible.

THE COURT: Okay. So it's all clear. She is saying the law is written -- claims or states that you have to serve at least 30 years without parole before you would be eligible for parole. So are you clear about that?

THE DEFENDANT: Yes.

THE COURT: Now, this is the last day for a negotiated plea. Do you understand what a negotiated plea is?

THE DEFENDANT: Yes.

THE COURT: After today's date if a jury convicts you or you decide to plead guilty, this Court is going to sentence you as the Court sees fit, not subject to plea negotiations necessarily. Do you understand that clearly?

THE DEFENDANT: Yes.

THE COURT: And what the State is telling you is after today they are going to be seeking life in confinement. Are you clear on that?

THE DEFENDANT: Yes.

THE COURT: Okay. Anything else we need to discuss out here?

MS. BELL: No, sir.

MR. HOPKINS: Nothing from us.

THE COURT: Set it down for jury trial, then.

(Hearing concluded.)

C E R T I F I C A T E

I hereby certify that the foregoing proceedings were taken down, as stated in the caption, and were reduced to typewriting under my direction, and that the foregoing pages comprise a true, correct, and complete transcript of said proceedings.

This 18th day of November, 2009.

Judy Yeager Newman, B-446
Official Court Reporter
Alcovy Judicial Circuit

CERTIFIED COURT REPORTER B 446