EXHIBIT "A"

## PUBLIC DEFENDER REQUEST FORM
### (Via NCSO Jail Inmate Services)

MY NAME IS: _Aaron Cbeginski_
(Please Print)

D-3

I AM IN CELL: _D1067_ MY ATTORNEY IS: _Teri Smith_

TODAYS DATE: _7-3-9_   IN JAIL SINCE: _2-14-9_

I AM IN JAIL FOR:  (NEW CHARGES)   (PROBATION VIOLATION)  (BOTH)
(Please circle one of the above)

THIS REQUEST FORM ALLOWS YOU TO ASK YOUR ATTORNEY A QUESTION ABOUT YOUR CASE.  IN RESPONSE TO YOUR QUESTION, YOU MAY RECEIVE A LETTER, A VISIT FROM YOUR ATTORNEY OR A VISIT FROM ONE OF OUR INVESTIGATORS TO FOLLOW UP WITH YOUR CONCERNS.  PLEASE DO NOT SUBMIT MORE THAN ONE REQUEST ASKING THE SAME QUESTION. YOUR QUESTION OR CONCERN MAY NOT BE ANSWERED IMMEDIATELY, IT WILL BE ANSWERED AS SOON AS POSSIBLE OR WE MAY BE WAITING FOR A RESPONSE FROM YOUR PROBATION OFFICER, DISTRICT ATTORNEY OR ANY OTHER AGENCY TO ANSWER US ABOUT QUESTIONS ON YOUR CASE. *(Be patient, we will respond as soon as time allows.  Our office represents hundreds of defendants and we will handle your needs in order of priority.*

## PLEASE PRINT YOUR QUESTIONS BELOW:
Note:  This form can be read by the Sheriff's office and any information on this form is NOT PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE;  This means, DO NOT put any specific information about your case on this form!

We have UNTil July 17 (2 weeks) to file All MOTIONS CONCERNING my CASE. I WANT to file (quick + speedy trial) Among others. If you disagree please explain why.
____ I received your motion for Discloser that you Already filed.

(Use other side for additional space needed)

Mr. Obeginski I assure you that all motions will be filed @ the appropriate time. We Can discuss the speedy trial process when we meet to go over your discovery

Teri Smith

_EXHIBIT "B"_



# PUBLIC DEFENDER REQUEST FORM
### (Via NCSO Jail Inmate Services)

MY NAME IS: _Aaron Obeginski_
*(Please Print)*

I AM IN CELL: _D105C_ MY ATTORNEY IS: _Teri Smith_

TODAYS DATE: _9-17-9_ IN JAIL SINCE: _2-14-9_

I AM IN JAIL FOR: (NEW CHARGES)  (PROBATION VIOLATION)  (BOTH)
*(Please circle one of the above)*

THIS REQUEST FORM ALLOWS YOU TO ASK YOUR ATTORNEY A QUESTION
ABOUT YOUR CASE. IN RESPONSE TO YOUR QUESTION, YOU MAY
RECEIVE A LETTER, A VISIT FROM YOUR ATTORNEY OR A VISIT FROM ONE
OF OUR INVESTIGATORS TO FOLLOW UP WITH YOUR CONCERNS. PLEASE
DO NOT SUBMIT MORE THAN ONE REQUEST ASKING THE SAME QUESTION.
YOUR QUESTION OR CONCERN MAY NOT BE ANSWERED IMMEDIATELY, IT
WILL BE ANSWERED AS SOON AS POSSIBLE OR WE MAY BE WAITING FOR
A RESPONSE FROM YOUR PROBATION OFFICER, DISTRICT ATTORNEY OR
ANY OTHER AGENCY TO ANSWER US ABOUT QUESTIONS ON YOUR CASE.
*(Be patient, we will respond as soon as time allows. Our office represents hundreds of
defendants and we will handle your needs in order of priority.*

## PLEASE PRINT YOUR QUESTIONS BELOW:
Note: This form can be read by the Sheriff's office and any information on this
form is NOT PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE; This
means, DO NOT put any specific information about your case on this form!

_After going to court on September 15-th_
_before judge OTT. I would like_
_to still enter a motion for_
_fast + speedy trial._

*(Use other side for additional space needed)*

_I will put you on my list to see when I get to the jail ~ thanks. T Smith_

EXHIBIT 'C'



# PUBLIC DEFENDER REQUEST FORM
### (Via NCSO Jail Inmate Services)

MY NAME IS: _Aaron Obeginski_
*(Please Print)*

I AM IN CELL: _D1058_ MY ATTORNEY IS: _Teri L. Smith_

TODAYS DATE: _2-9-10_   IN JAIL SINCE: _2-14-9_

I AM IN JAIL FOR: **(NEW CHARGES)**   **(PROBATION VIOLATION)**   **(BOTH)**
*(Please circle one of the above)*

THIS REQUEST FORM ALLOWS YOU TO ASK YOUR ATTORNEY A QUESTION
ABOUT YOUR CASE. IN RESPONSE TO YOUR QUESTION, YOU MAY
RECEIVE A LETTER, A VISIT FROM YOUR ATTORNEY OR A VISIT FROM ONE
OF OUR INVESTIGATORS TO FOLLOW UP WITH YOUR CONCERNS. PLEASE
DO NOT SUBMIT MORE THAN ONE REQUEST ASKING THE SAME QUESTION.
YOUR QUESTION OR CONCERN MAY NOT BE ANSWERED IMMEDIATELY, IT
WILL BE ANSWERED AS SOON AS POSSIBLE OR WE MAY BE WAITING FOR
A RESPONSE FROM YOUR PROBATION OFFICER, DISTRICT ATTORNEY OR
ANY OTHER AGENCY TO ANSWER US ABOUT QUESTIONS ON YOUR CASE.
*(Be patient, we will respond as soon as time allows. Our office represents hundreds of
defendants and we will handle your needs in order of priority.*

## PLEASE PRINT YOUR QUESTIONS BELOW:
Note: This form can be read by the Sheriff's office and any information on this
form is NOT PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE; This
means, **DO NOT** put any specific information about your case on this form!

- _There has been a significant change in events,_
_which may effect your strategy!_
- _Did you receive my letter w/ evals of Interviews?_
- _Am I on the trial calendar yet?_
- _I have further evidence to support my case._
- _I been put on your list to see 3 times since July?_
- _No Page #4 of Hinton Interview w/ Hegwood_

_(Use other side for additional space needed)_

_I did get your letter, I will send an investigator to get your new evidence. There is not currently a trial date on your case._
_J. Smith_



*EXHIBIT D*

**John M. Ott**
Judge Superior Courts
Alcovy Judicial Circuit
303 South Hammond Drive
Suite 221
Monroe, Georgia 30655

June 22, 2010

NORTH METRO GA 300

08 JUL 2010   PM 7 T

3001418405

Aaron Obeginski - #958917
Newton County Detention Center
15151 Alcovy Road
Covington, Georgia 30014

JUL 0 9 RECD

TO: Judge
From: Aaron Obeginski
RE: Case # 09MG0446-2  or #2009-07230

## TO The Honorable Judge OTT:

Prior to my trial, I have had little communication with my public defender (teri smith). Only meeting once for about 20 minutes the entire first year. Even after your warning to teri, from my appearence before you on 9-15-9, she ignored your strick warning and never filed my motion, even after repeated attempts on my part. Furthermore she met with me less than 2 hrs total before trial. We had not agreeded on jury selection + she ignored my requests. 2 weeks prior to trial I File a motion to have an indepent counsel appointed that was seperate from the public defenders office. I also requested that all discovery be released to me, in case I was left with representing myself. I never heard back from the clerk. Then just before trial teri informs me that she is changing ock strategy, against my will - and that the video testimony of the alleged-victim was going to be allowed. She also wasn't going to put the alleged-victim on the stand as we had agreed. Even the evidence that I gleened From 100's of hours spend on what discovery that I was able to obtain - NONE WAS USED. Teri never called a single witness on my behalf, she never objected once during trial. Furthermore I believe their is a conflict of interest on her part. Teri knows my ex-wifes boyfriend whom she's had a child with, and this could be the reason she quit responding to my written questions before trial. I've written teri + her assistant 4 times now since trial with no response. I Filed a motion for Mis-trial the day after trial on May 13, 2010 - then filed a motion for a New trial hearing based on ineffective counsel - I heard nothing back again from the clerk. Would you please appoint me an independant counsel, so that I may pursue my legal rights to an Appeal. IF Not consider this letter a request for Pro Se status that I may have a New Trial Hearing

1 of 2

based on ineffective counsel. I also have aditional evidence to support my innocense. So after my trial I was locked down in isolation for over 2 weeks, without my property and no Access to the court. I've also written a complaint to the Public defender's standards Council - and thier reply was to contact the local representative of thiers, who is none other than teri smithl, the same person the complaint is about. I have therefore also wrote to the state bar of Georgia. In closed you'll find my pro se motion for a New trial hearing. Please summit this on my behalf. It seems while I have an atterney on record - none of my motions are being file + the jail is effectly blocking all access to the courts via the law library. Any response from your office would be greatly Appreciated.

Respectfully
Aaron

Aaron Obeginski #958917
Newton County detension Center
15151 Alcovy Rd D. Block
Covington Ga 30014

2 of 2



# FLINT JUDICIAL CIRCUIT PUBLIC DEFENDER OFFICE

30 Atlanta Street • McDonough, Georgia 30253 • Office 770-288-7460 • Facsimile 770-288-7468

**Gary V. Bowman**
*Circuit Public Defender*

$E X H I B I T \quad E$

Aaron Obeginski Inmate # 1000357597
Jackson Diagnostic Prison
Hwy 36 W
PO Box 3877
Jackson, GA 30233

January 13, 2011

Dear Mr. Obeginski,

  I received your letter dated January 7, 2011 regarding your pending appeal. I cannot be responsible for your personal belongings left at the Newton County Jail. I did contact them and ask them to extend the period before the discard the items so that you may assign someone else to pick up your items. I will not pick them up. Further I asked them why your property was still there and they said you are not allowed to have it at Jackson so I could not send it to you there anyway.

  Second, please let me know if you want to represent yourself on appeal. I will not be submitting anything to you for approval before I file it. We are on serious time frames on an appeal and do not have the luxury of doing that. Further, I am the attorney and I am not going to have you tell me how to represent you on an appeal. What I will do is listen to any issues you feel may possibly be appealable issues and I will research those issues to determine whether or not they in fact are issues or not.

  I cannot provide you with any more stamped envelopes. I did that as a courtesy and cannot afford to keep providing them to you. Further, I am under no obligation to provide you with stamps or envelopes to work on your civil appeal.

  I am currently working on your motion for new trial. As soon as I complete it I will file it with Newton County Superior Court. We will then be scheduled for a hearing. I will subpoena Ms. Smith for that hearing to question her about her conduct during the trial. This is where we raise ineffective assistance of counsel.

  I will not be writing you on a weekly basis. You will be notified when anything happens in your case. Again if you want to represent yourself that is your right. At this time Judge Ott has ordered me to handle this appeal and I will do so until I am told by him not to.

  I have requested the sentencing transcript for you already. I do not have it yet. You can be assured I will send it to you the moment I receive it.

  If you have any further questions or would like to bring any more issues with your trial to my attention please feel free to write, otherwise I will be in touch with you when I either receive new information or we are scheduled for our hearing.

Sincerely,

Amanda Flora, Assistant Public Defender, Flint Judicial Circuit



# FLINT JUDICIAL CIRCUIT PUBLIC DEFENDER OFFICE

30 Atlanta Street • McDonough, Georgia 30253 • Office 770-288-7460 • Facsimile 770-288-7468

**Gary V. Bowman**
*Circuit Public Defender*

$EXHIBIT \quad 'F'$

Aaron Obeginski
GDC# 1000357597
Jackson Diagnostic Prison
HWY 36 W
PO Box 3877
Jackson, GA 30233

February 25, 2011

Dear Mr. Obeginski,

    I am writing to update you on your appeal as well as explain the process to you. On Tuesday February 22, 2011 we appeared in Newton County Superior Court for your Motion for New Trial hearing. The reason you did not meet with me prior to this hearing is because the Court scheduled it without me having even filed an amended motion. Once I received notice of the hearing I immediately began my research and completed an amended motion for new trial which had to be filed prior to the hearing. Because of my limited time frame I was unable to make the trip to Jackson to meet with you because I spent my time researching issues and going over your transcript.

    Further, unlike a trial, an appeal is not a situation where we have to meet on a regular basis. I had met with you in Newton County Jail as well as corresponded with you via letters. I was aware of what issues you felt there were in your trial. I researched each issue you raised in letters to me as well as things you had filed with the court. I am going to address those in this letter so you understand why they are not appealable issues.

    First, you cannot file a motion for new trial until the sentence has been entered in a case. Therefore all the motions you filed prior to your sentencing were untimely. However I did look at those and see if any issues you attempted to raise were valid.

    On May 14, 2010 your filed a document entitled "Motion for Mistrial." I am not sure what exactly you were asking the Court for because you can only ask for a mistrial prior to the Jury rendering a verdict. In this motion you listed the following issues:

1. Public Defender refuse advice from client;
2. Public Defender refuse to file motions on client's behalf;
3. Public Defender change [trial] strategy without permission;
4. Public defender during trial did not use client's request in closing [argument];
5. Public defender did not represent client's best interest.

    An attorney is trained on how to conduct trials. In this training your attorney learns what is and what is not admissible at trials. Therefore the Courts grant the attorney the discretion to decide trial strategy, motions to be filed, and how to argue in closing arguments. Therefore just because the



$$\mathcal{E} \times H \mid \mathcal{B} \mid \mathcal{T} \qquad ` \mathcal{F} `$$

attorney decided not to argue something you suggested does not violate any rule of law and is not an appealable issue. Further, I read through the discovery and did not see any pre-trial motions that should have been filed by Ms. Smith. Had I found any I would have raised those in your Motion for New Trial Hearing.

In a second motion entitled "First Amended Motion for New Trial Hearing" you raised the following issues:

1.  Defendant was subject to illegal search and seizure;
2.  Under Article 2 § 5-5-22; illegal admission of witness/alleged victims video testimony. Alleged victims answer of [mm-m/mmhmm] is neither a confrontation or denial of the question asked;
3.  Under Article 2 § 5-5-22; For the reason of exclusion of evidence (Ex-wife's civil suit against me via child);
4.  Under Article 2 § 5-5-21; The verdict was decidedly and strongly against the weight of the evidence;
5.  Under Article 2 § 5-5-20; the verdict of the jury is found to be contrary to the evidence and the principles of justice and equity.

Based on my reading of the discovery there was no illegal search or seizure. When police are called to a scene and they believe a crime has been committed they can take this information and apply for a search warrant. This was done in your case. An impartial Magistrate Judge at that time determines if there is probable cause to issue a search warrant. After the search warrant is issued they can search and collect evidence including photos. This is not an appealable issue.

Your second issue is a bit confusing. I am not sure which Article of what document you are referring to. However, the video of your daughter's statement was admissible under Georgia Law. I know because I extensively researched the issue. Under the child hearsay statute hearsay statements made by a child victim can be admissible as long two prongs are met. The first being that the statement as it was taken and given is reliable and shows sufficient indicia of reliability. Second the child must be made available at trial to testify. Both of these prongs were met in your case. First, the interview was done at a children's hospital by a person trained in forensic interviewing. There appeared to be not influencing of the witness during the interview. Courts have held these types of interviews to satisfy the first prong of the child hearsay statute. The second prong was satisfied when Ms. Bell announced on the record (see transcript page 4, lines 19-20) that the victim was available to testify. Based on these factors her recorded interview was admissible.

Again, I am not sure is issue number three what Article you are referring to but the fact that a civil suit is pending or was pending has no bearing on a criminal case.

As to your issues in number four and five I did raise those issues in my amended motion for new trial under paragraph IV.

Now that I have addressed all of those issues with you I would like to go over the appellate process so you understand how it works. When someone is convicted at trial, once a final order is filed by the Court (the sentence) the defendant has 30 days to file for a motion for new trial. That was done in your case. Once the transcript is complete that motion is amended and then a hearing is scheduled. In your case the Judge placed it on a calendar before a amended motion was filed (which he can do) and I then filed your amended motion for new trial. I provided you a copy of the motion and the cases I used to form my argument at the hearing.

Once the Judge denies the motion for new trial we have 30 days to file a notice of appeal. This sends the case to the Court of Appeals. I will request the transcript of the hearing we just had and once the Clerk of Court sends the file to the Court of Appeals we will get notice of it being docketed. At this

$$\frac{2}{3}$$

$E \times H I B I T$ 'F'

time I prepare a brief based on the issues raised in the Amended Motion for New trial and that brief is submitted within 20 days. I will forward you a copy. The State then has 30 days to file their response brief. Once all briefs are submitted the Court of Appeals will rule on the motion. If it is denied you can appeal to the Supreme Court of Georgia but you are not entitled to appointed counsel on that level of appeal. You will either have to appeal pro-se or hire new counsel. You also have the option of filing a Writ of Habeas Corpus. You have four years from the date of your sentence to file this. It is a civil action alleging you are being held illegally in custody. You are not entitled to counsel on a Habeas so you will have to file it pro-se or hire counsel to represent you on that matter.

I hope that this letter has cleared up the Appellate process for you. I wanted to make sure you understood that unlike at a trial an appeal is a very "legal" proceeding and therefore the fact that I do not meet with you on a regular basis does not affect my ability to handle the appeal. An appeal is based solely on the trial transcript and the motion for new trial. It is very limited in that we can only raise issues that were preserved for appeal. It is not where we re-try the case. That happens if we win the motion for new trial.

One more thing I wanted to address with you was your sentence. I understand based on reading some of you letters that you do not understand how the Judge could sentence you as he did. I have enclosed a copy of the statutes for the crimes which you were convicted. Prior to trial the District Attorney gives what we call a plea recommendation. That recommendation is only good if you plea prior to trial. I believe in your case it was to plea to the lesser offense of Child Molestation for a sentence of 20 do 10. Once you reject that plea offer and choose to go to trial you are then tried based on the indictment and the Judge has the authority to sentence you as he sees fit as long as it fits within the guidelines of the statute. If you read the statute you will see that for Aggravated Child Molestation there is a mandatory minimum sentence of 25 years. The Judge had no authority to sentence you to anything less. You will also see that it requires you to be on probation for life. So the sentence that you received is the minimum sentence you could get for that specific charge. I just wanted to make sure that you understood that is why you received that sentence. That is also why I questioned Mrs. Smith about that at your Motion for New Trial Hearing.

If you have any questions about anything in this letter or regarding anything else please feel free to write. Otherwise I will send you notice when I complete the brief for the Court of Appeals.

Sincerely,

Amanda Flora,
Assistant Public Defender, Flint Judicial Circuit



# FLINT JUDICIAL CIRCUIT PUBLIC DEFENDER OFFICE

30 Atlanta Street • McDonough, Georgia 30253 • Office 770-288-7460 • Facsimile 770-288-7468

**Gary V. Bowman**
*Circuit Public Defender*

$EXHIBIT$ $G$

Aaron Obeginski
#1000357597
3620 N Harris Road
Waycross, GA 31503

March 10, 2011

Dear Mr. Obeginski,

I received your letter dated March 7, 2011. As of today's date the Judge has not ruled on the motion for new trial. As soon as he does I will obtain a copy of that order and file a notice of appeal.

I do not have a transcript from our court appearance prior to the motion for new trial. That is not a transcript our office will pay for because I do not need it to complete the appeal. If you want that transcript you will have to obtain it. I will provide you a copy of the motion for new trial transcript when it is completed.

A 911 recording is usually always admissible at trial. You cannot object to it based on relevance grounds because it is relevant under the law. I listened to the tape and as I argued at the motion for new trial hearing I did not find anything objectionable on the recording.

As far as the photos go, I do not know what you think is objectionable about those but they were admissible under current law. They had a search warrant to search your room and therefore any photos taken are admissible.

I questioned Ms. Smith about her decision to not call the child as a witness and it was trial strategy. I cannot say I disagree with that strategy. It is very common to not call the child because the defense does not want the jury sympathizing with the child anymore than they are already going to based on the interview DVD.

As far as not being able to make eye contact with the jury, that is not an appealable issue. I understand you may think you might have been more effective if you could actually see the jurors but the court of appeals is not here to decide issues such as that. Based on the weight of the evidence I am not sure that making eye contact with the jury would have changed the outcome of the trial anyways.

I will send you a copy of the motion for new trial transcript when I receive it and I will also provide you a copy of the brief I submit to the Court of Appeals. If you have any questions please do not hesitate to write.

Sincerely,

Amanda Flora,
Assistant Public Defender, Flint Judicial Circuit

*In all criminal prosecutions, the accused shall enjoy the right. . . to have assistance of counsel for his defense.*
**U.S. Constitution, Amendment VI - December 15, 1791**



# FLINT JUDICIAL CIRCUIT PUBLIC DEFENDER OFFICE

30 Atlanta Street • McDonough, Georgia 30253 • Office 770-288-7460 • Facsimile 770-288-7468

**Gary V. Bowman**
*Circuit Public Defender*

$E \times H I B I T$   H

Aaron Obeginski
#1000357597
Ware State Prison
3620 N. Harris Rd
Waycross, GA 31503

March 15, 2011

Dear Mr. Obeginski,

This letter is in response to your letter dated March 10, 2011 regarding your appeal. I will address each of your issues in order:

1. The warrantless arrest booking affidavit has NOTHING to do with your appeal or your trial. This is a document that officers fill out specifically for their records. Further the officer is called to Grand Jury to testify so this document would not be used at Grand Jury. Even if it was....that is not an appealable issue.

2. In your second enumeration you refer to several cases regarding your daughter's interview where she used head nods and/or uhh huhs. This is allowable as a form of communication. Especially with children. Further the interviewer clarified each response that was not clear. I attempted to read each of the cases you cited however the first one you cited White v. State did not come up when I entered the citation you gave me (273 ga. 632). I did read the Brown case and it does not apply to the facts of your case. Brown dealt with testimony at trial where the officer attempted to testify to the results of a lineup that was conducted. The STATE objected and that testimony was kept out under the hearsay rule because the victim was there to testify. However when the victim took the stand he could not recall the lineup or the results. The court then says that had the Defense then questioned the officer about the results of the lineup it would have been admissible. But the defense did not do that. Further, this case is very specific as to its own facts. The Appellate Courts have distinguished it in several cases. *Painter v. State*, 237 Ga. 30, *Gough v. State*, 232 Ga. 178,



*In all criminal prosecutions, the accused shall enjoy the right. . . to have assistance of counsel for his defense.*
**U.S. Constitution, Admendment VI - December 15, 1791**

$$EXHIBIT \quad H$$

and *Montos v. State*, 212 Ga. 764. The last case you cited *Stewart Inc. V. Bernett* also did not come up when I entered the citation you cited in your letter. (214 Ga. 787)

3. Judge Ott gave the correct definition of Intent. Under criminal trial law there are specific Pattern Jury Charges that are used. The pattern jury charge for intent is as follows: Intent is an essential element of any crime and must be proved by the State beyond a reasonable. Doubt. Intent may be shown in many ways, provided you, the jury, believe that it existed from the proven facts before you. It may be inferred from the proven circumstances or by acts and conduct, or it may be, in your discretion, inferred when it is the natural and necessary consequence of the act. Whether or not you draw such an inference is a matter solely within your discretion. Criminal intent does not mean an intention to violate the law or to violate a penal statue but means simply the intention to commit the act that is prohibited by a statute. It goes on further to explain the no presumption of intent etc. I made sure when preparing your appeal that the jury charges Judge Ott gave fit the pattern charges and they did. There is not an appealable issue here.

   As you can read above, and in the charges in your transcript, intent can be inferred. The DA does not specifically have to say "here is his intent." The Jury can infer the intent through the actions and facts proven at trial. There was testimony from several people that the jury could have inferred intent from. This is not an appealable issue.

4. In your letter you mention OCGA §17-10, this is an incomplete citation. OCGA has three sets of numbers for every citation. Example, OCGA § 17-10-22. I think you are taking all of the statutes and or cases you are citing and using them out of context. This is why it is important to have someone trained in the law to represent you at all aspects of your case.

5. As far as your right to speedy trial goes, I believe I questioned Mrs. Smith about this at your motion for new trial hearing and she indicated that you did not ask her for a speedy trial. Without anything else we cannot address this on direct appeal. However, I will once I get the transcript of the Motion for new trial back look into that issue and see if there is anything in the Clerk's file that will be sent to the Court of Appeals that we can raise this issue with. You are entitled to a speedy trial if you request one however, in your particular circumstance I do not think you would have benefited from it. Your case being delayed did not seem to produce any harm because you received a sentence longer than what you had to wait to go to trial. If you have any letters from Mrs. Smith telling you she would file a

$EXHIBIT H$

speedy trial demand I need to see those. You will need to forward them to me, I will make copies and send them back to you.

6. As far as the charge that is given by the Judge on page 177 of your transcript, when he is asking Ms. Bell to strike things that is because each crime can have several definitions. However, a jury is only allowed to hear the definition that applies directly to your indictment. He was just being sure that the definitions that did not apply in your case did not get read to the jury.

7. As far as your sentencing goes, I do not know how many ways I can explain this to you before you understand it. Once you decided to go to trial and reject the plea offer then the Judge can sentence you however he sees fit under the law. In your particular case you decided you did not want to enter a guilty plea. So that means that once you were convicted that you faced a minimum of twenty five years and a maximum of life on the Aggravated Child Molestation Charge. As for the child molestation charges the judge can give you anything between one and twenty years. What he did was just give you twenty years to run concurrent with the twenty five years you received on the Aggravated Child Molestation Charge. This sentence is a legal sentence. That is the risk of going to trial on cases, you always risk getting more than what the State offers for a guilty plea.

Mr. Obeginski, I do not mind answering your questions if they are in fact valid question and I have not answered them numerous times before. Please understand that every time you write me a lengthy letter like the five page one I just received I have to take time away from your appeal to research and answer questions that necessarily are not even relevant.

I have sent an email to Mrs. Smith to get a copy of the actual search warrant I have already provided you a copy of the affidavit used to get the search warrant. Please understand that even absent the search warrant the officer can take pictures of a crime scene. Even if there was a flaw in the search warrant it is likely those pictures would have been admissible.

Sincerely,

Amanda Flora,
Assistant Public Defender, Flint Judicial Circuit







# FLINT JUDICIAL CIRCUIT PUBLIC DEFENDER OFFICE

30 Atlanta Street • McDonough, Georgia 30253 • Office 770-288-7460 • Facsimile 770-288-7468

**Gary V. Bowman**
*Circuit Public Defender*

$E \times H I B I T \quad I$

Aaron Obeginski
#1000357597
3620 North Harris Rd
Waycross, GA 31503

April 4, 2011

Dear Mr. Obeginski,

I received your letter dated March 25, 2011 regarding your appeal. Please understand that an appeal is not a chance to re-try your case. Unlike a trial, an appeal is based solely on what happened or did not happen at trial. Because we are limited on what we can argue on appeal it does not take the same amount of client/attorney contact that preparing for a trial does. That is why it is so important to have an attorney on appeal because many of the issues are "legal" issues and not things that you are pointing out in your letters. Further, unlike at a trial where strategy and testimony are issues, on an appeal it is simply things that are in the record already. I can read through a transcript and determine what issues if any there are for an appeal. The reason I ask you for your input is for issues involving the ineffective claim. I needed to specifically know what it is that you thought Ms. Smith did that was ineffective. We were able to discuss that and you have written me several letters to that effect. I am comfortable that I am prepared to write the brief for your appeal. Now to address the issues you raised in your latest letter:

The indictment WAS proper under the laws of Georgia. There are no challenges to the indictment that can be made on appeal in your case.

As far as the warrant goes, you can tell by the Affidavit and application for the warrant that it included your bedroom as well as your vehicle. Further, pictures taken of these areas are not considered "seizures" under the fourth amendment.

The evidence that was admitted at your trial was the CD of 911 call, photos of the house, photos of your room, the actual panties, and photos of your vehicle. No items actually seized (other than the panties which were not your property) were introduced at trial. The interview DVD was also submitted but had nothing to do with the warrant. I have again requested Ms. Bell provide me a copy of the Search warrant. However, I do not think even if we do not get a copy that this is an issue you would succeed on appeal. What I mean by that is, even if we were to show that your residence and your car were searched in violation of your fourth amendment rights we still have to show harm. Based on all the evidence, testimony as well as physical, that was admitted at trial I do not think we can show harm from the photos being admitted.

Also, if you will look on page 74 of the trial transcript you will see that when the photo of the vodka bottle was identified by the officer he said "that's the vodka bottle I found at the CLOSET in the bedroom." Again I do not know what prejudice you would show that would warrant the Court of Appeals reversing for a new trial based on that information.

$\frac{l}{2}$

*In all criminal prosecutions, the accused shall enjoy the right. . . to have assistance of counsel for his defense.*
**U.S. Constitution, Admendment VI - December 15, 1791**

$$EXHIBIT \ I$$

Mr. Obeginski, in my previous letter when I was talking about "sufficient indicia of reliability" I was not referring to the believability of the child, that is for a jury to decide. The case law uses the term sufficient indicia of reliability to refer to the interview method and whether or not the child was coerced or led to answer a certain way. The jury ALWAYS gets to decide witness credibility. In this case if the jury decided not to believe her based on her answers during the interview they could have done that but they didn't the jury chose to believe her. That is not an appealable issue.

The fact that Ms. Smith chose not to call the child as a witness is a trial strategy decision. Even though you disagree I completely agree with that decision. Unless you have reason to believe that the child will take the stand and completely change her story it is too big of a risk. You do not want the jury sympathizing with a young child being called to testify at a trial especially when the charges involve acts allegedly committed against her. This is an issue you can raise on habeas corpus but it is not an issue to raise in front of the Court of Appeals.

The fact that your ex-wife has now filed a custody suit has nothing to do with your trial and cannot be raised on appeal. Again the Jury saw your ex-wife testify and could have chosen not to believe her if they thought she was being vindictive but they chose to either believe her or believe the other witnesses who testified to the same things.

Conflicts in testimony (ie: the officers testifying as to whether or not you had clothes on) is put into the Jury's hands to determine. You can see in the jury charges where the Judge instructs them that they must resolve conflicts in testimony to the best of their ability. Also, if they could not resolve the conflicts they Jury has the choice to determine the witness is not credible. We do not know if the jury did this. Because there was other testimony at trial that the Jury could have used to convict you we cannot tell whether or not the testimony from the officers was a deciding factor. In my opinion it likely was not.

As far as Ms. Smith filing a motion after your sentencing, she filed a boiler plate motion for new trial to protect your rights. Her doing this was not ineffective. If she had not done it she would have been ineffective. That is a motion that MUST be filed within 30 days of your sentence. She immediately conflicted the case to our office after filing the motion for new trial to protect your rights.

In your final issue in your letter you are again raising an issue that is for the jury to determine. Once the interview is played for the jury it is for them to determine whether or not they believed the child was influenced or not.

Lastly, the speedy trial issue is a constitutional issue. It applies to whether or not you requested one and whether or not your attorney filed for one. It is considered a significant part of the trial. If it is found that you in fact requested a timely speedy trial but your attorney failed to file for one it could be reversible error. However the testimony at your motion for new trial was not in our favor on this. I will still raise the issue on appeal but Ms. Smith testified you did not request a speedy trial.

At the bottom of your letter you asked why the DNA was excluded. The only thing pertaining to DNA that I saw was a test result from the GBI which showed nothing. The State did not attempt to introduce this at trial probably because it did not prove/disprove anything. For the same reason your trial attorney probably chose to not introduce it.

Please write if you have any further questions. I will forward you information as I receive it.

Sincerely,

Amanda Flora,
Assistant Public Defender, Flint Judicial Circuit

# FLINT JUDICIAL CIRCUIT PUBLIC DEFENDER OFFICE

30 Atlanta Street • McDonough, Georgia 30253 • Office 770-288-7460 • Facsimile 770-288-7468

**Gary V. Bowman**
*Circuit Public Defender*

*L B9 drol gor wher cept
The Butterfly por I sent*

EXHIBIT J

Aaron Obeginski
#1000357597
Ware State Prison
3620 N Harris Rd
Waycross, GA 31503

May 2, 2011

Dear Mr. Obeginski,

I received your letter dated April 26, 2011 regarding your speedy trial request. I have reviewed the information you have provided to me (including a transcript of the hearing that was held on September 15, 2009) and I am currently researching how we need to approach this issue.

I will let you know what I find as soon as I do. I have placed a copy of all the documents you provided to me in this letter. I did keep the documents you provided to me in case I need them. I will do my research and let you know exactly how I think we should proceed with this issue and what the rules are as far as raising it on appeal.

If you have any further questions please feel free to write.

Sincerely,

Amanda Flora,
Assistant Public Defender, Flint Judicial Circuit





# FLINT JUDICIAL CIRCUIT PUBLIC DEFENDER OFFICE

30 Atlanta Street • McDonough, Georgia 30253 • Office 770-288-7460 • Facsimile 770-288-7468

**Gary V. Bowman**
*Circuit Public Defender*

$EXHIBIT \quad K$

Aaron Obeginski
#1000357597
Ware State Prison
3620 N. Harris Rd
Waycross, GA 31503

June 6, 2011

Dear Mr. Obeginski,

Enclosed you will find a copy of the Appellate Brief I filed on your behalf to the Court of Appeals. The State now has 20 days to respond to our brief. When I receive their response I will forward you a copy.

I cannot tell you when we will receive a ruling from the Court of Appeals but I anticipate late September.

I wanted to clarify the "Speedy Trial" issue that you mentioned earlier in your letter. I have done extensive research on the issue to determine what if any issue this raises for you on an Appellate level. First of all there are two types of "speedy trial." There is a constitutional speedy trial guarantee and then there is a statutory speedy trial that is procedural in nature. I can tell you that based on the case law that we cannot show that your Constitutional right to a speedy trial was violated. The timeline on this type of speedy trial starts from the date of your arrest. Cases have found that even a delay of three years is not a violation. Because you were tried approximately one year and three months from the date of your arrest I do not think this is a viable argument to make on the appellate level.

The second type of demand is a statutory speedy trial demand. This is a procedural mechanism that one can use to force the State to try them within a certain period of time or their case gets dismissed. I know that you attempted to file one on your own behalf in July of 2009 however, the Courts have ruled time and time again that when someone is represented by counsel that pro-se motions are void. I read through the transcript you provided me with you latest letter and I did see where the Judge addressed this issue on September 15, 2009. I cannot find any case law to say that the failure of your attorney to then file the demand is reversible error. Further my research shows that we have to show harm from the failure to not file the speedy trial demand. I do not think we can do this. I therefore did not raise this issue on your direct appeal.

I want to be sure that you understand that you still have some appellate rights after this appeal is over. First you have the right to petition the Georgia Supreme Court for a writ of Certiorari. This must be done by filing a notice of intention to apply for certiorari to the Clerk of the Court of Appeals within 10 days of the judgment of the Court of Appeals. I will forward you the order the minute it hits my desk.

$E \times H I B I T$  $K$

$\frac{2}{2}$

The petition for certiorari to the Supreme Court of Georgia must be filed with the Supreme Court within 20 days after the judgment from the Court of Appeals. If the petition to file for certiorari is granted you will then have to file briefs in response to the questions posed by the Supreme Court in its order granting certiorari.

Another option you have is to file for writ of habeas corpus. You have four years from the date of your sentence to file this. This is done by filing a writ in the Superior Court in the jurisdiction that you are being held in. There should be plenty of resources at Ware to help you accomplish this. I believe this is a better option for you in your case. I do not think that applying for cert to the Supreme Court of Georgia would benefit you I believe it would only delay your case and then possibly harm your ability to file for a habeas corpus. Further, you are not entitled to appointed counsel at these next levels and due to the difficulty in filing cert to the Supreme Court I would recommend if you go that route to hire counsel to represent you on that.

I have enclosed the documents you sent to me with your last letter. I made copies for my file but am returning yours just in case they were your only copies. Please feel free to write me with any questions you have and I will do my best to assist you in any way I can.

Sincerely,

Amanda Flora,
Assistant Public Defender, Flint Judicial Circuit

$\frac{3}{2}$



# FLINT JUDICIAL CIRCUIT PUBLIC DEFENDER OFFICE

30 Atlanta Street • McDonough, Georgia 30253 • Office 770-288-7460 • Facsimile 770-288-7468

**Gary V. Bowman**
*Circuit Public Defender*

$EXHIBIT$ ____L____

Aaron Obeginski
#1000357597
Ware State Prison
Waycross, GA 31503

June 13, 2011

Dear Mr. Obeginski,

I received your letter dated May 30, 2011. I have reviewed all the information you mentioned in the letter. I will address them individually.

First, I looked at all the jury charges and they are all correct. They all followed the pattern jury charges that are used in every trial. There were no appealable issues on this matter.

Second, if the victim was seen at a hospital they would not do a rape kit, especially on a child, where the allegations did not involve rape. This is not an appealable issue.

Third, the fact that you do not believe protocol was followed in the interview by Kelli Wood is not an appealable issue. The jury decides what weight to give each witness' testimony. Had they believed that the child had been coerced or even coached during the interview they could have chose not to believe it. This is not an appealable issue. As far as the child's competency goes we have the same issue. At the beginning of the interview, the interviewer asks several questions to determine the ability of the child to be questioned. The jury gets to judge whether or not to believe the child.

I cannot repeatedly go through the evidence with you discussing each hole there may be. I was not the attorney assigned to represent you at trial; unfortunately we cannot go back and retry the case unless the Court of Appeals says we can. Again an appeal is not to re-hash every issue that could have been raised during trial, but it is to determine if any mistakes of law were made by the trial court and/or your trial attorney.

I hope by this point you have received my last letter with all your documents that you have previously provided to me. You will need these if you are going to claim your rights were violated because Ms. Smith did not file a speedy trial demand.

As far as a habeas goes I cannot represent you on that matter. A habeas Corpus is a civil proceeding in which you are not entitled to court appointed counsel. You will either have to hire an attorney or represent yourself. The documents you need to file one should be available to you at Ware. You have four years from the date of your conviction to file for habeas corpus.

If you have any further questions please feel free to write, otherwise I will send you a copy of the State's brief as soon as I receive it.

Sincerely,

Amanda Flora,
Assistant Public Defender, Flint Judicial Circuit

*In all criminal prosecutions, the accused shall enjoy the right. . . to have assistance of counsel for his defense.*
**U.S. Constitution, Admendment VI - December 15, 1791**



# FLINT JUDICIAL CIRCUIT PUBLIC DEFENDER OFFICE

30 Atlanta Street • McDonough, Georgia 30253 • Office 770-288-7460 • Facsimile 770-288-7468

**Gary V. Bowman**
*Circuit Public Defender*

_EXHIBIT   M_

Aaron Obeginski
#1000357597
Ware State Prison
3620 N. Harris Rd
Waycross, GA 31503

October 13, 2011

Dear Mr. Obeginski,

I received your letter dated October 5, 2011. I have sent you everything that I have in your case. I did not promise to send you something I do not have. I have AGAIN enclosed the only documents I have pertaining to a search warrant entitled "Affidavit and Application for a search Warrant." I asked Ms. Smith if she had a search warrant and she indicated that she did not.

I do not have any correspondence from Ms. Smith (other than what you provided me) that shows anything regarding a speedy trial. I asked her about this over the phone prior to the motion for new trial and that is the only conversation I had with her regarding that. I have enclosed a case for you. As I explained there are two types of Speedy Trials. One is statutory and one is constitutional. The Statutory speedy trial is completely within the trial attorney's discretion whether or not to file it. The constitutional one kicks in when a long period of time passes without the case being tried. The constitutional one does not apply in your case because your case was tried fairly quickly by case law standards. Also, you have to show that you were harmed by the delay in trying your case. We cannot show that in your case. At this time all a speedy trial would have done was got you sentenced quicker. We cannot show that evidence was lost and/or destroyed because of the delay or anything like that. This issue is not one that I raised on appeal for these reasons. I have enclosed the documents you provided me just in case you have misplaced them or they were your only copies.

Perjury is defined under the law as: O.C.G.A. § 16-10-70

> A person to whom a lawful oath or affirmation has been administered commits the o offense of perjury when, in a judicial proceeding, he knowingly or willfully makes a false statement material to the issue or point in question.

I hope this information helps you. I will contact you once we get a ruling from the Court of Appeals. Please again, do not forget your right to a habeas corpus. This must be filed no later than four years from the date of your sentence.

Sincerely,

*Amanda Flora*

Amanda Flora,
Assistant Public Defender, Flint Judicial Circuit

*In all criminal prosecutions, the accused shall enjoy the right. . . to have assistance of counsel for his defense.*
**U.S. Constitution, Admendment VI - December 15, 1791**



# FLINT JUDICIAL CIRCUIT PUBLIC DEFENDER OFFICE

30 Atlanta Street • McDonough, Georgia 30253 • Office 770-288-7460 • Facsimile 770-288-7468

**Gary V. Bowman**
*Circuit Public Defender*

*EXHIBIT N*

Aaron Obeginski
#1000357597
Ware State Prison
3620 N. Harris Rd
Waycross, GA 31503

October 31, 2011

Dear Mr. Obeginski,

First let me start by saying this will be the last letter you receive if you continue to speak to me the way you did in your last letter. I do not and will not take such vulgar language from anyone.

I have looked into obtaining a copy of the actual search warrant and will continue to do that but so far I have been told that the file that was given to me contains everything. According to the testimony at trial the warrant was signed the same day. Once I get a copy I will verify that it was properly obtained and served. Whatever you have that you think may be a search warrant signed three days after your arrest I would like to see. I can't really comment on it without knowing what it is you have.

Again, please understand that if you feel your rights were violated in any way (including the search of your room and car) leading up to your arrest and conviction you can raise those issues in a habeas corpus. I am not sure if you have already filed for this but remember you only have four years from the date of your sentence to file for habeas corpus.

I will let you know if and when I obtain any new information on your case.

Amanda Flora,

Assistant Public Defender, Flint Judicial Circuit



# FLINT JUDICIAL CIRCUIT PUBLIC DEFENDER OFFICE

30 Atlanta Street • McDonough, Georgia 30253 • Office 770-288-7460 • Facsimile 770-288-7468

**Gary V. Bowman**
*Circuit Public Defender*

$EXHIBIT$ "O"

Aaron Obeginski
#1000357597
Ware State Prison
3620 N. Harris Rd
Waycross, GA 31503

February 15, 2013

Dear Mr. Obeginski,

I received your letter dated February 7, 2013. I have enclosed a copy of the last letter I sent you. In it you will see that you have four years from the date of your sentence to file for a habeas corpus. I no longer have your file at my desk because it is closed so I cannot remember your exact sentence date but I believe you still have time to file a habeas corpus as long as four years have not passed since you were sentenced.

I did look into the search warrant prior to doing your appeal. I did not see any issue we could raise on appeal. I have provided you with everything in my file. Further, they did not introduce anything at your trial that they seized during the search warrant if I recall correctly. Either way, it was not an appealable issue after I researched it. I cannot look into this matter any further as my job with your appeal has concluded. If you think you can challenge the search you may want to do that through habeas corpus although I do not think that will be successful.

I wish you luck on your future appeals and let me know if you need anything from your appellate file that I have not already provided to you.

Sincerely,

Amanda Flora,
Assistant Public Defender, Flint Judicial Circuit

*In all criminal prosecutions, the accused shall enjoy the right. . . to have assistance of counsel for his defense.*
**U.S. Constitution, Admendment VI - December 15, 1791**

Exhibit A

*EXHIBIT P*

# GEORGIA PUBLIC DEFENDER STANDARDS COUNCIL

104 Marietta Street • Suite 200 • Atlanta, Georgia 30303

404-232-8900 • (800)676-4432 • Facsimile 404-651-5706 • www.gpdsc.com



Mack Crawford, Director

Dear Petitioner :

I received your letter in which you ask for assistance with your legal matter. I am able to suggest the following:

- For attorney grievances, please contact the State Bar of Georgia, 104 Marietta St,, Suite 100, Atlanta, GA 30303.
- G.P.D.S.C. is unfortunately unable to provide legal assistance for civil matters (types of cases which include forfeitures, habeas corpus actions, and lawsuits against people or entities.)
- G.P.D.S.C. is unfortunately unable to provide legal assistance for matters arising in federal courts or in courts outside the State of Georgia.
- The case you describe arises in a county or a court in which G.P.D.S.C. does not provide attorneys for indigent persons accused of a crime. Please contact the local authority highlighted below:

| Cherokee County<br>Linda Hames<br>90 North St, Ste 200<br>Canton, GA 30114 | Cobb County<br>Randy Harris<br>Administrator<br>32 Waddell St<br>Marietta, GA 30090 | Douglas County<br>Monica Myles<br>Douglas County Public Defender<br>8700 Hospital Dr.<br>Douglasville, GA 30134 |
| --- | --- | --- |
| Gwinnett County<br>Pamela Baxter<br>A. O. C.<br>75 Langley Drive<br>Lawrenceville, GA 30045 | Houston County<br>Nicholas White<br>Houston County Public Defender<br>201 Perry Pkwy<br>Perry, GA 31069 | |

- This office refers disputes with appointed counsel to the attorney of record.   Please forward your concerns to: Teri Smith

- Please forward your request for appointment of counsel on new charges to: _____

- The attorney appointed to represent you is: _____
  _____ ; please contact them directly.

- This office is unable to provide assistance with your concern; your materials are being returned for your use.

Sincerely,

Janet W. Hankins

1